# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Yuliya Lagun | ) | |
| Aleh Yanovich; | ) | |
|   1 Forest Hill Dr, Apt. 201 | ) | |
|   Glen Ellyn, Illinois 60137 | ) | |
| | ) | |
|         Plaintiff(s) | ) | Civil Action No 1:25-cv-11463 |
| | ) | |
|       v. | ) | |
| | ) | |
| Kristi Noem, in her official capacity, | ) | |
| Secretary, U.S. Department of Homeland | ) | |
| Security; | ) | |
| Joseph B. Edlow, in his official capacity, | ) | |
| Director, U.S. Citizenship and Immigration | ) | |
| Services; | ) | |
|   2707 Martin Luther King Jr. Ave, SE | ) | |
|   Washington, DC 20528-0485 | ) | |
| | ) | |
| Pam Bondi, in her official capacity, Attorney | ) | |
| General, Office of Attorney General, U.S. | ) | |
| Department of Justice; | ) | |
|   950 Pennsylvania Avenue, NW | ) | |
|   Washington, DC 20530-0001 | ) | |
| | ) | |
| | ) | |
|       Defendant(s). | ) | |
| | ) | |
| | ) | |

_____

## PLAINTIFFS' ORIGINAL COMPLAINT
## FOR WRIT OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE
## PROCEDURE ACT

Brian J. Kholodovsky, Attorney for Plaintiff, BIRG LAW, 1 Northfield Plaza, Suite 502,

Northfield, IL 60093, (847/266-9001, Facsimile: 847/266-9001) Email: brian@birg.law.

## INTRODUCTION

COME NOW Yuliya Lagun (hereinafter "Plaintiff Lagun" or collectively "Plaintiffs") and Aleh Yanovich (hereinafter "Plaintiff Aleh" or collectively "Plaintiffs") the Plaintiffs, by and through the undersigned attorney, in the above cause, and state as follows:

1.      Plaintiff Lagun is the U.S. citizen spouse of Plaintiff Aleh, a national of Ukraine. On April 19, 2021, Plaintiff Lagun lawfully filed Form I-130, Petition for Alien Relative ("Petition") with the United States Citizenship and Immigration Service for her spouse to become a permanent resident of the United States.  This action is brought as a result of Defendants' failure to adjudicate Plaintiff Lagun's Form I-130, Petition for Alien Relative within a reasonable period of time. The Petition has been pending status for a period of four years and six months (1,620 Days) without any resolution, more than double the historical processing time of 831 days for 2021.  The Plaintiffs have a clear right to the adjudication of the Petition in a timely manner. The final adjudication of the Petition is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

2.      The delay in making a decision on Plaintiffs' Petition extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

3.      Defendants cannot reasonably use COVID-19 as a defense to their failure to adjudicate the Petition as any in-person interactions that are necessary or routine have already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

4.      Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq.  As such, this action is brought to compel Defendants and those acting under them to take action on the Petition.

## PARTIES

5.     Plaintiff Lagun is a resident of DuPage County, Illinois, and a U.S. citizen. She is the petitioner of a pending Form I-130, Petition for Alien Relative, which was filed naming her spouse, Plaintiff Aleh, as the beneficiary.

6.     Plaintiff Aleh is a resident of DuPage County, Illinois, and a citizen of Ukraine.  He is the beneficiary of a pending Form I-130, Petition for Alien Relative, filed by his U.S. Citizen spouse, Plaintiff Lagun.  The pending Form I-130 allows beneficiary qualification for Aleh to adjust his status to a permanent resident of the United States.

7.     Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

8.     Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

9.     Defendant PAMELA BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5.  This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel

3

Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

11.     Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Plaintiffs resides.

## EXHAUSTION OF REMEDIES

12.     The Plaintiffs have repeatedly requested the Defendants to make a final decision on the Petition.  Further, Plaintiffs have initiated numerous inquiries with USCIS directly.

13.     The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with documents that establish Plaintiffs' eligibility for approval of the Petition.

14.     There are no further administrative remedies available for Plaintiffs to utilize.

## FACTUAL ALLEGATIONS

15.     On April 19, 2021, Plaintiff Lagun filed, and paid the required government fees for, Form I-130, Petition for Alien Relative, naming her spouse, Plaintiff Aleh, as a beneficiary (Receipt# MSC-2191233996) with USCIS.  **[EXHIBIT C].**

16.     On February 08, 2022, the Plaintiffs appeared for an interview before a USCIS officer. After the conclusion of the interview, Plaintiffs were told they could expect a decision within 60-120 days. **[EXHIBIT A].**

17.     Since the interview, USCIS has made no further requests for evidence or information from the Plaintiffs and neither has a decision been rendered on the Plaintiffs' Petition.

18.     Plaintiffs have made numerous inquiries over the past three years with USCIS and have requested adjudication of the Petition. **[EXHIBIT B].**

19. Plaintiffs' inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's Petition is still pending review. **[EXHIBIT B].**

20. Plaintiffs' Petition now continues to be pending with USCIS for a total time of over four years and six months (1,620 Days) without any resolution.

21. The delay in making a decision on the Plaintiffs' Applications extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

22. In addition to the expectation set by Congress, USCIS has published a historical average processing time in 2021 of 22.7 months for the adjudication of Form I-130. Plaintiff Lagun's Form I-130 has been pending for over 55 months, which is over two times the average processing time as reported by USCIS.[1]

23. Defendants have refused to provide further explanation which would merit the need for over 55 months of processing time.

24. Plaintiffs have endured significant financial and emotional burdens as a result of the unreasonable period of time that their Petition has been pending review.

25. Plaintiff Lagun has been deprived of the right she has as a U.S. citizen to qualify her spouse to become a permanent resident of the U.S.

26. Plaintiff Aleh has been deprived of the opportunity to terminate his pending immigration court.

27. Plaintiff Aleh has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

---

[1] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

28.     Moreover, Plaintiffs has incurred significant attorney's fees due to the Defendants' failure in adjudicating Plaintiffs' Petition within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA- FORM I-130

29.     All prior paragraphs are re-alleged as if fully stated herein.

30.     Plaintiff Lagun has a statutory right to apply for and receive an adjudication of her Form I-130 pursuant to 8 U.S.C. § §1154(a)(1)(A)(i) and U.S.C. § 1154(b).

31.     Defendants have a duty to adjudicate Plaintiff Lagun's Petition within a reasonable period of time under 5 U.S.C. §555(b).

32.     The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

33.     No other adequate remedy is available to Plaintiffs.

34.     Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to adjudicate the Petition.

35.     The delay in making a decision on Plaintiff's Form I-130 extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

36.     Given the Defendants' lack of a reason for not making a decision on Plaintiff Lagun's Petition for over 55 months, her Form I-130 has been pending for an unreasonably long period of time.

37.     Defendants have failed in their statutory duty to adjudicate Form I-130, Petition within a reasonable time.

38.     Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff Lagun's Petition for Alien Relative and have

6

failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs' case.

39.     Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff Lagun's Form I-130, thereby depriving Plaintiffs of the rights to which they are entitled.

40.     In addition, as a result of this delay, Plaintiffs have incurred enormous costs and significant attorney's fees.  Also, as a result of Defendants' actions, Plaintiff Lagun has been denied the right to petition for her spouse to become a lawful permanent resident of the United States. Further, Plaintiff Aleh has been unable to apply and receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen.  In effect, Plaintiffs' lives are on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray:

     1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiffs' Petition.

     2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiffs' Petition immediately.

     3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

  Date:  September 22, 2025          Respectfully submitted,

                                     _____/s Brian J. Kholodovsky
                                    **Brian J. Kholodovsky, Esq. (6300193)**
                                    **BIRG LAW**
                                    **1 Northfield Plaza, #502,**
                                    **Northfield, Illinois 60093**
                                    **brian@birg.law**
                                    **Phone:(847) 266-9001**
                                    **Fax:(847) 266-9001**
                                    ***Counsel for Plaintiff***